**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br>CREDIVALORES - CREDISERVICIOS S.A.<br>Debtor | Chapter 7<br><br>Case 24-10837 (DSJ) |
| SALVATORE LAMONICA solely in his capacity as Chapter 7 trustee of Credivalores - Crediservicios S.A.<br>Plaintiff<br>v.<br>BANCIEN S.A. aka Ban100 S.A. fka Banco Credifinanciera S.A. et al<br>Defendants | Adv. Proc. 26-01063 (DSJ)<br><br>**SCHEDULING ORDER** |

Upon review of the conference report and pursuant to FRCP 16(b), it is hereby ORDERED:

1. The deadline for all parties to make FRCP 26(a)(1) initial disclosures shall be September 30, 2026.

2. Except for amendments permitted by FRCP 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion to amend or join additional parties shall be filed by October 31, 2026.

3. The deadline to complete fact discovery shall be April 15, 2027.

4. The deadline to make FRCP 26(a)(2) expert disclosures shall be May 17, 2027.

5. The deadline to designate any rebuttal experts and serve any rebuttal expert reports shall be July 1, 2027.

6. The deadline to complete expert discovery shall be August 16, 2027.

7. The Court typically will conduct a pretrial conference three to five weeks after the close of discovery, in this case on September 28, 2027.

8. Any party wishing to move for summary judgment must file a letter request for a premotion conference pursuant to Local Bankruptcy Rule 7056-1(a) no later than 14 days before the post-discovery pretrial conference, which will then also serve as a premotion conference. Any

response to a premotion conference request shall be served not less than 7 days before the conference. Failure to comply with this timing requirement without advance Court authorization may cause the proposed motion to be denied as untimely.

9. If summary judgment briefing is not approved or was not requested, the Court will set specific deadlines at the post-discovery pretrial conference for all needed steps to make the case trial-ready, including the:

- exchange of exhibit lists and marked exhibits;
- identification of any objections thereto as to authenticity and/or admissibility;
- exchange of witness lists;
- filing of and responses to any motions in limine (which the Court encourages to minimize evidentiary and case-management uncertainty at trial);
- submission of a proposed joint pretrial order; and
- submission of sworn written statements in lieu of live direct testimony as well as any proposal to present live direct testimony, and the identities of any witnesses whom any party wishes to cross examine during trial.

The Court anticipates setting deadlines tailored to the circumstances of the individual case. Unless otherwise ordered, the deadlines set forth in the Court's chamber's rules (Evidentiary Hearings and Trials) apply. The parties must meet and confer so as to be prepared to discuss these topics during the post-discovery pretrial conference, and also should identify any other procedural matters that the parties believe would assist in making the case trial-ready. Within two days following the conference, the parties must submit to chambers a proposed post-discovery conference order memorializing any deadlines or other requirements set at the conference.

10. At the post-discovery pretrial conference, if no summary judgment briefing schedule is set, the Court will schedule a final pretrial conference either for the contemplated first day of trial, or for a date shortly before the first trial date. The parties must be trial-ready on the trial date[s] assigned by the Court.

Dated: New York, New York
September 9, 2026

*s/ David S. Jones*
Honorable David S. Jones
United States Bankruptcy Judge